1    JAMES F. WAITE SBN 078475
     LAW OFFICES OF JEFFREY F. PACCASSI
2    405 Howard Street, Suite 610
     San Francisco, CA 94105-2625
3    Direct Line:    415-932-7223
     Telephone:    415-932-7200
4    Facsimile:    415-932-7260
     email: james.waite@cna.com
5
     Attorneys for Defendant STRS OHIO CA REAL ESTATE
6    INVESTMENTS 1, LLC
7
8                 UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   PATRICIA RILE, | Case No. 3:09-cv-05634-BZ |
| 11           Plaintiff, | DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND |
| 12   vs. | |
| 13   STRS OHIO CA REAL ESTATE | Hearing Date: under submission<br>Courtroom: 2 |
| 14   INVESTMENTS 1, LLC, et al., | Judge: The Honorable Claudia Wilken |
| 15          Defendants. | |

16

17   **I.**     **Introduction**

18        Plaintiff and defendant agree upon the underlying record upon which defendant removed

19   the case and plaintiff now seeks remand. Their dispute is over the valuation of the amount in

20   controversy. Plaintiff gingerly tries to avoid stating a value on her case. Defendant does not make

21   any admissions on liability or the validity of any of plaintiffs' demands, which it strongly denies.

22   Nor could it, as the case has just begun and plaintiff's medical records are privileged until

23   discovery begins. However, the fact that the amount in controversy exceeds $75,000 is shown by

24   the record before this Court, including Plaintiffs' settlement demand and the allegations of her

25   complaint.

26   **II.**     **Settlement Offers Are Admissible for Determining the Amount in Controversy.**

27        In moving to remand, plaintiff does not deny the existence of a pre-removal settlement

28   offer of $75,000; instead, plaintiff argues that such offers are inadmissible. While such offers are

1   inadmissible at trial on the issue of liability, they are admissible for purposes of determining the

2   amount in controversy for jurisdictional purposes. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th

3   Cir. 2001).[1] Plaintiff's cited case, *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470,

4   481 (6th Cir. Tenn. 2007) offers only support for the rule that settlement offers are often

5   admissible for purposes other than determining liability, as the court noted that such an offer

6   came into evidence during one of the phases at trial: "Furthermore, the district court permitted

7   defendants to offer their evidence of settlement offers during the punitive phase of the trial, where

8   that evidence actually might have been relevant."

9       Thus, the willingness of plaintiff to settle this case for $75,000 pre-removal is evidence

10  that plaintiff considers the case's worth to be well above $75,000.   Otherwise, she cannot claim

11  that the $75,000 demand was in any sense an offer of compromise.

12

13  **III.    The Amount in Controversy Exceeds $75,000**

14      Even more tellingly, plaintiff does not argue that her case is worth less than $75,000, but

15  hinges her motion on the thin-reed argument that defendant has the burden of proof on this issue.

16  She refuses to limit her claim to $75,000, thus impliedly seeking more.   Failure to disavow a

17  settlement demand can be considered in determining amount in controversy.   *Cohn v. Petsmart,*

18  *Inc.*, 281 F.3d 837, 840 (9th Cir. 2001).   To remand would be delaying the inevitable, as written

19  responses to discovery in a state court proceeding would likely disclose that plaintiff does indeed

20  intend to claim more than $75,000.

21      While plaintiff's evaluation of the case is shown by the settlement offer, there is other

22  evidence from which the Court can decide the issue in favor of maintaining jurisdiction.

23      To determine the amount in controversy, the Court is allowed to rely upon pre-trial

24  settlement offers, the allegations of the complaint, and post-removal evidence. *Cohn v. Petsmart,*

25  _____

[1]      Plaintiff has cited authority of *Miller v. Grgurich,* 763 Fed.2d 372, 373 (9th Cir. 1985)
26  does not state that the Court's review of the evidence is "limited" to the complaint and the notice
    of removal.

27

28

1    *Inc.,* 281 F.3d 837, 840 (9th Cir. 2001) The "amount in controversy" includes all monetary and

2    nonmonetary relief requested in a case, including punitive damages and attorneys' fees. *Galt G/S*

3    *v. JSS Scandinavia,* 142 F. 3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees); *Simmons v. PCR*

4    *Technology,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (punitive damages); *Guglielmino v.*

5    *McKee Foods Corp.*, 506 F.3d 696, 701 9th Cir. 2007 (contract damages).  The burden

6    of proof is by a preponderance of the evidence. *Simmons v. PCR Technology,* 209 F. Supp. 2d

7    1029 (N.D. Cal. 2002)

8        The 13-page complaint with its 48 paragraphs alleges that plaintiff is an "elderly" woman

9    with pulmonary disease who claims to have been subjected to dust and other stressors to her

10    health while a tenant on the defendant's property. (Ex. A, Motion) The following six torts are

11    alleged to have been committed: Negligence, Breach of Implied Warranty of Habitability,

12    Nuisance, Intentional Infliction of Emotional Distress, Constructive Eviction and Elder Abuse.

13        As noted above, defendant denies that any of these causes of action have merit.   But the

14    amount in controversy is based on the plaintiffs' claims, regardless of merit.  Such multiple torts,

15    taken at face value for this determination, show a case that is valued at more than $75,000 by the

16    plaintiff. The complaint itself does not allege any specific dollar amount (except for rent) because

17    it conforms to the pleading rules of California state courts. However, paragraph 8 of the

18    complaint (Ex. A, Motion), alleges that plaintiff's emotional distress damages alone exceed the

19    minimum jurisdiction of the superior court, viz., $25,000. The other damage paragraphs allege

20    unspecified damages, in addition to this $25,000 amount. Plaintiff expressly alleges her rental

21    payments of $13,020 (less a $1,200) to the defendant as additional damages at paragraphs 16 and

22    17.

23        Plaintiff requests reimbursement for her past and future medical expenses at paragraphs 8

24    and 9 of the complaint, which, due to her age and pulmonary disease, may well be claimed by

25    ///

1    Plaintiff to exceed another $25,000.[2] She also requests residence relocation expenses at paragraph

2    10.¶

3           In addition, plaintiff requests her attorney's fees in the prayer, which she argues she is

4    entitled to if she were to prevail under her sixth cause of action for elder abuse, based on section

5    15657(a) of the California Welfare & Institutions Code.

6           As her counsel charges $450 an hour and requests $2,300 just for moving to remand (Dec.

7    of DeMeo, p. 3:4), it is not a stretch to estimate that plaintiff will ultimately claim (whether or not

8    she is entitled to it) more than $50,000 for preparing and trying the elder abuse cause of action.

9           Plaintiff also requests punitive damages under four of her causes of action: Nuisance,

10   Intentional Infliction of Emotional Distress, Constructive Eviction and Elder Abuse. Again, it is not a

11   stretch to estimate that Plaintiff would claim $50,000, given what she is likely to argue about her

12   medical and emotional distress damages.

13

14   **IV.    Plaintiff's Convenience Is Not Properly Before This Court**

15          Plaintiff has not filed a motion to remand her case for convenience and has not supported

16   this notion with any relevant authority. The Court should not consider this issue.  Further, she

17   argues inconvenience due to her health and age; these factors relevant, if at all, only to show that

18   the amount in controversy exceeds $75,000.[3]

19

---

20   [2]      Paragraph 46 alleges that plaintiff developed further chronic obstructive pulmonary
     disease due to defendant's acts:  "As a further proximate result of the acts of Defendants, and
21   each of them, Plaintiff developed and continues to suffer from significant exacerbation of her
     chronic obstructive pulmonary disease and other medical conditions to her further damage, the
22   extent of which are presently unknown to Plaintiff at this time as said injuries are still continuing
     and Plaintiff prays leave to insert and prove her elements of damage in this respect when the same
23   are finally determined."

24

25   [3]      "Plaintiff, PATRICIA RILE, is a 73-year-old woman who is disabled due to a medical
     history which includes, among other ailments, the aftermath of a stroke which limits her ability to
26   ambulate and chronic obstructive pulmonary disease, which disease requires Plaintiff to be on
     oxygen from time to time, for 24 hours per day, 7 days per week." Motion, p. 5:6-9
27

28

- 4 -

1  **V.       Plaintiff Is Not Entitled to Attorney's Fees for Her Motion.**

2        The removal was supported by solid, relevant evidence, including plaintiff's own pre-

3  remand demand.  The Court should not exercise its discretion to award attorney's fees, especially

4  where Plaintiff refuses to state that she does *not* seek more than $75,000.  As demonstrated above,

5  Defendants removal had a reasonable basis.  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141,

6  126 S.Ct. 704, 163 L.Ed.2d 547 (2005)  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240

7  (9th Cir. 1993) As such, plaintiff's claim for fees is entirely without support.

8

9  **VI.     Conclusion**

10       It is apparent from the evidence that the Court may consider that the "amount in

11  controversy" exceeds $75,000 in this case claiming relief under six causes of action

12       Accordingly, defendant requests that plaintiffs' motion to remand be denied.

13

14  Dated:  January 14, 2009                       LAW OFFICES OF JEFFREY F. PACCASSI

15

16

17                                                 James F. Waite, Esq.
                                                   Attorney for Defendant STRS
18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify and declare:

I am, and was at all times herein mentioned, employed in the City and County of San Francisco, State of California. I am over 18 years of age and not a party to the within action. My business address is 405 Howard Street, Suite 610, San Francisco, California 94105-2625.

On the date set forth below, I served the within **Defendant's Opposition to Motion to Remand** on the interested parties in this action by e-mail and by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the United States mail at San Francisco, California, addressed as follows:

SEE ATTACHED SERVICE LIST

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing, that the correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on January 14, 2010, at San Francisco, California.

Yvonne Glaros

Defendant's Opposition to Motion to Remand *Patricia Rile* v. STRS Case No. 3:09-cv-05634-BZ

1

<u>SERVICE LIST</u>

2

Re:  Rile v. STRS Ohio CA Real Estate Investments 1, LLC

3

4

5   John F. DeMeo, Esq.                    Attorney for Plaintiff
    DEMEO & DEMEO                          PATRICIA RILE
6   565 West College Avenue
    Santa Rosa, CA 95401
7   Tel:  707-545-3232
    Fax:  707-545-1725
8   Email: demeo7@sonic.net

9   **Hon. Claudia Wilken (via Federal Express)**
    **United States District Court**
10  **Courtroom 2, 4th Floor**
    **1301 Clay Street**
11  **Oakland, CA 94612-5212**
    Chambers Copy
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -