IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA RILE,

       Plaintiff,

  v.

STRS OHIO CA REAL ESTATE INVESTMENT 1, LLC,

       Defendant.
                                       /

No. 09-05634 CW

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff Patricia Rile moves to remand this action to state court and seeks to recover attorneys' fees incurred in filing the motion. Defendant STRS Ohio CA Real Estate Investments 1 opposes the motion. Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion to remand and DENIES as moot Plaintiff's motion for attorneys' fees.

BACKGROUND

Plaintiff is a seventy-three-year-old woman with chronic pulmonary disease. On October 22, 2009, Plaintiff filed a complaint for damages alleging that Defendant negligently owned, operated and maintained the residential apartment building in which Plaintiff lives. Specifically, Plaintiff alleges that the manner in which Defendant carried out construction and repairs at the

apartment building created "dangerous, harmful, and damaging levels of dust and other residue that entered and permeated Plaintiff's rental unit." Compl. ¶ 7. During the construction, Plaintiff was forced to live somewhere else "due to the uninhabitable condition of her rental unit and the adjacent premises." Id. Defendant's actions exacerbated her existing respiratory illness. Id. at ¶ 23.

Plaintiff's complaint alleges six causes of action: (1) negligence, (2) breach of implied warranty of habitability, (3) nuisance, (4) intentional infliction of emotional distress, (5) constructive eviction and (6) violation of California Welfare and Institutions Code section 15657.

On November 30, 2009, Defendant filed a notice of removal asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant stated, "Although the Complaint in the State Court Action does not expressly state the amount in controversy, Plaintiff's counsel has informally demanded $75,000 to resolve the action; given a settlement demand of $75,000, it is apparent that the amount in controversy allegedly exceeds $75,000." Notice of Removal, 3. On December 29, 2009, Plaintiff filed this motion to remand based on Defendant's failure to carry its burden of proof that the amount in controversy exceeds $75,000.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or

2

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).  If at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded.  28 U.S.C. § 1447(c).  On a motion to remand, the scope of the removal statute must be strictly construed.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.  Courts should resolve doubts as to removability in favor of remanding the case to state court.  Id.

To support removal based on diversity jurisdiction in cases where a plaintiff's complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds $75,000.  Sanchez v. Monumental Life Ins. Co., 102 F. 3d 398, 404 (9th Cir. 1996).  The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy.  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  If the complaint is silent on the amount of damages claimed, the court may also consider facts in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Id. (quoting Allen v. R. & H. Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

A speculative argument as to the amount in controversy is insufficient.  Gaus, 980 F.2d at 567.  The defendant bears the

3

1  burden of "actually providing . . . facts to support . . . [the]
2  jurisdictional amount." Id.  The amount in controversy includes
3  claims for general and special damages (excluding costs and
4  interest), attorneys' fees, if recoverable by statute or contract,
5  and punitive damages, if recoverable as a matter of law. Richmond
6  v. Allstate, Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995).
7       On granting a motion to remand, the court may order the
8  defendant to pay the plaintiff its "just costs and any actual
9  expenses, including attorneys fees, incurred as a result of the
10 removal."  28 U.S.C. § 1447(c).

## DISCUSSION

12      The parties do not dispute diversity of citizenship.
13 Instead, this motion turns on whether the requisite amount in
14 controversy exceeds $75,000.  Defendant relies primarily on
15 Plaintiff's pre-removal settlement offer of $75,000.  Plaintiff
16 argues that Federal Rule of Evidence 408(a) prevents the Court from
17 considering this evidence.  However, Rule 408(a) prohibits the use
18 of statements made in settlement discussions when used to prove
19 liability.  Defendant is not attempting to use the settlement offer
20 for that purpose.  In fact, the Ninth Circuit has held that a
21 "settlement letter is relevant evidence of the amount in
22 controversy if it appears to reflect a reasonable estimate of the
23 plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 873, 840 (9th
24 Cir 2001).  Plaintiff does not argue that her case is worth less
25 than $75,000.  Rather, she focuses her efforts on arguing that
26 Defendant has not carried its burden to prove that the amount in
27 controversy exceeds $75,000.  Plaintiff's willingness to settle

4

this case for $75,000 is strong evidence that she considers the case to be worth more than this amount. On this basis alone, Defendant has satisfied the requirements for removal under §§ 1441(a) and 1332(a).

Although the complaint itself does not explicitly request damages in excess of $75,000, it can be reasonably interpreted to say as much. Plaintiff alleges that Defendant "seriously injured her health, strength, and activity" which has caused her "great mental, physical, and nervous pain and suffering . . . in an amount in excess of the jurisdictional minimum of this court." Compl. ¶ 8. The jurisdictional minimum of the state court in which Plaintiff filed her claims is $25,000. Although Plaintiff does not state a specific amount of damages she seeks for emotional distress, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting that these damages are potentially substantial." Richmond, 897 F. Supp. at 450. Thus, although Plaintiff does not request a specific amount of non-economic damages in his complaint, the Court will consider the potential for these damages in determining the amount in controversy in this case.

Plaintiff also seeks reimbursement of over $11,000 in rent as well as an unspecified amount in relocation expenses. Compl., ¶¶ 10, 16. Plaintiff requests reimbursement for her past and future medical expenses, which are "unknown to Plaintiff at this time" because she continues to receive treatment for her injuries. Id. at ¶¶ 9-10. Plaintiff also seeks punitive damages pursuant to her causes of action for nuisance, intentional infliction of

5

1  emotional distress, constructive eviction and violation of Welfare
2  and Institutions Code section 15657.  A court can consider punitive
3  damages in calculating the amount in controversy.  See Bell v.
4  Preferred Life Assur. Soc. of Montgomery Ala., 320 U.S. 238, 240
5  (1943) ("Where both actual and punitive damages are recoverable
6  under a complaint each must be considered to the extent claimed in
7  determining jurisdictional amount.").

8  If Plaintiff were to prevail under her sixth cause of action
9  for elder abuse, she would be entitled to attorneys' fees under
10 Welfare and Institutions Code section 15657(a).  In Galt G/S v. JSS
11 Scandinavia, the Ninth Circuit held that "where an underlying
12 statute authorizes an award of attorneys' fees, either with
13 mandatory or discretionary language, such fees may be included in
14 the amount in controversy."  142 F.3d 1150, 1156 (9th Cir. 1998).

15 Defendant argues that Plaintiff's request of $2,300 in
16 attorneys' fees for the preparation of the instant motion is
17 evidence of the fact that attorneys' fees will play a large part in
18 the matter.  Defendant has provided sufficient evidence to
19 demonstrate that the Court can reasonably anticipate thousands of
20 dollars in attorneys' fees.  Plaintiff's claims will likely require
21 a great deal of preparation and effort to maintain, and at
22 Plaintiff's attorneys' claimed rates ranging between $250 and $425
23 an hour, fees will likely become substantial.

24 Although attorneys' fees alone may not exceed the requisite
25 $75,000, these fees, combined with actual damages related to
26 Plaintiff's continuing medical expenses and substantial potential
27 awards for punitive damages and emotional distress, will clearly

exceed the jurisdictional minimum.

CONCLUSION

Because Defendant has satisfied its burden of establishing diversity jurisdiction, the Court DENIES Plaintiff's motion to remand and request for attorneys' fees. (Docket no. 12).

IT IS SO ORDERED.

Dated: 05/03/10

_____
CLAUDIA WILKEN
United States District Judge

7